UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**VICTOR F. TRAHAN, III**                                                     **CIVIL ACTION**

**VERSUS**                                                                    **NO. 22-454-SDD-SDJ**

**LANDIS RACH & COBB, LLP**

## ORDER

The Court has reviewed the parties' April 14, 2023 amended Status Report (R. Doc. 18). Based on its review, the parties have wholly failed to comply with its prior Orders. (R. Docs. 14, 17). To begin, Defendant has continued to ignore the March 16, 2023 responsive pleading deadline set by this Court on January 30, 2023. (R. Doc. 14). Second, the parties were ordered to provide the date of their scheduled mediation as part of their amended Status Report. (R. Doc. 17). In other words, the Court expected them to have the mediation scheduled, at the very least. Yet, they are still mulling over dates. Third, the parties were to "provide a proposed date for filing a second amended Joint Status Report, in which the parties will provide proposed dates for a Scheduling Order." (R. Doc. 17 at 1). This clear instruction was also ignored.

The parties have treated this litigation as though it has been stayed. It has not. And more importantly, engaging in settlement negotiations would not even be sufficient to warrant a stay. The Court has been very generous in giving the parties time to work out a settlement before beginning discovery. (R. Docs. 13, 15, 18) (the parties have been asking for extensions to accommodate their settlement negotiations since January of 2023). Yet they have not even

managed to schedule a mediation, even though this case is almost a year old. This pattern cannot continue.

The parties are **ORDERED** to file a **Status Report** with **proposed deadlines** by **May 22, 2023**. **Failure** to **comply** with this Order **will** result in **sanctions**, which may include a recommendation of dismissal. If the parties settle this litigation (at any time), they must immediately comply with the requirements of Local Rule 16(c) (if a case is settled, counsel must "immediately file a Joint Notice of Settlement" and "immediately inform the Clerk's office [and] the Judge to whom the case is assigned"). The Court strongly encourages the parties to settle.

Next, Defendant's **responsive pleading** is **overdue**. (R. Doc. 14) ("Defendant must respond to the Complaint by March 16, 2023"). Nothing more needs to be said.

And finally, the Court is aware of Defendant's **informal** venue objection in the Status Report (R. Doc. 18 at 3) ("due to the questions regarding whether this Court is a proper venue . . . Defendant maintains that the parties should not engage in discovery including the provision of initial disclosures until motion practice on these issues is concluded"), and now makes clear that this is **not sufficient** to **raise** the **issue** of improper venue. *See Mantissa Corp. v. Ondot Sys., Inc.*, 267 F. Supp. 3d 918, 923 (S.D. Tex. 2017) ("A party may waive an improper venue defense by failing to comply with Rule 12's express limitations . . . . Alternatively, a party may waive such an objection by implication if it takes actions that are 'inconsistent' with an improper venue defense."); *Kentucky v. Marathon Petroleum Co. LP*, 464 F. Supp. 3d 880, 887 (W.D. Ky. 2020) ("improper venue is a personal defense which is waived if not raised either by motion or in a responsive pleading").

Beyond that, Defendant seems to be conflating venue with jurisdiction. *See Robert E. Lee & Co. v. Veatch*, 301 F.2d 434, 436 (4th Cir. 1961) ("As opposed to jurisdiction, which relates to

the territorial power of a court to hear a controversy, venue relates only to the place where a litigant may require the case to be heard."); *In re Harnischfeger Indus., Inc.*, 246 B.R. 421, 431 (Bankr. N.D. Ala. 2000) ("Venue is different from jurisdiction in that jurisdiction is the power to adjudicate, while venue, which relates to the place where judicial authority may be exercised, is intended for the convenience of the litigants."); *Bouier v. Lewis Trucking Co.*, 2009 WL 190040, at *1 (M.D. Ala. Jan. 27, 2009) ("At any time, the Court may, and indeed must, review sua sponte whether it possesses subject matter jurisdiction over an action before it."); *Anger v. Revco Drug Co.*, 791 F.2d 956, 958 (D.C. Cir. 1986) ("Improper venue . . . is a threshold defense open to a party, but subject to foreclosure absent timely objection." And it would be "inappropriate for the trial court to dispose of the case sua sponte on an objection to the complaint which would be waived if not raised by the defendant(s) in a timely manner.").

As it now stands, this Court has jurisdiction over this litigation,[1] *Cf. Blankenship v. Allis-Chalmers Corp.*, 460 F. Supp. 37, 39 (N.D. Miss. 1978) (district court lost jurisdiction over case after sustaining defendant's motion for transfer [venue] on date when papers in case were filed in transferee court), and may take any action necessary to further its resolution, *see Prete v. Lepore*, 125 F.R.D. 572, 577 (D. Conn. 1989) ("[I]mproper venue alone does not render a judgment void. The distinction . . . is quite straightforward: when a court lacks [subject matter jurisdiction], any judgment it renders is void from its inception. . . . Venue, on the other hand, is simply a privilege extended to each defendant, and is deemed to be waived unless a timely objection is interposed").

---

[1] Based on its review of the record, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as complete diversity exists between the parties (R. Doc. 1 at 1) (Plaintiff is a citizen of Louisiana and Defendant is a citizen of Delaware), and the amount in controversy is satisfied (R. Doc. 1 at 4) (Trahan seeks a declaratory judgment that he does not owe LRC "over $400,000 in [legal] fees and expenses"). *See Matsuda v. Wada*, 128 F. Supp. 2d 659, 663–64 (D. Haw. 2000) (The amount in controversy exceeded the jurisdictional limit where the "Plaintiff requested declaratory judgment that 'Defendant is not owed $83,954.00, or any other amount, by Plaintiff'" under the parties' contract. "[T]he value of the relief should be measured by the liability that will follow if the contract is valid and enforceable—$83,954.00.").

If Defendant truly objects to venue, they should act. *Kanai v. McHugh*, 638 F.3d 251, 258 (4th Cir. 2011) ("[W]hether the [statute] at issue is better understood as a requirement of personal jurisdiction . . . or as a venue provision, . . . neither of these types of requirements addresses the subject-matter jurisdiction of the district courts. Thus, any challenge to habeas proceedings based on this [statute] is waived if not timely asserted."); *Mantissa Corp. v. Ondot Sys., Inc.*, 267 F. Supp. 3d 918, 923 (S.D. Tex. 2017) ("A party may waive an improper venue defense by failing to comply with Rule 12's express limitations . . . . Alternatively, a party may waive such an objection by implication if it takes actions that are 'inconsistent' with an improper venue defense.").

To be clear, an informal objection to venue buried within a Status Report is not grounds for ignoring a responsive pleading deadline set by this Court or refusing to exchange initial disclosures, or otherwise engage in discovery.

Again, the parties are **ORDERED** to file a **Status Report** with **proposed deadlines** by **May 22, 2023**. If the parties **settle**, they must **immediately** comply with the requirements of **Local Rule 16(c)**. And finally, Defendant's answer is **overdue**.

Signed in Baton Rouge, Louisiana, on April 27, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**